UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY LIONEL BRADY,

        Plaintiff,

v.                                                                                  CASE NO. 09-13365
                                                                                    U.S. DISTRICT JUDGE GERALD E. ROSEN
C. ELVERADO,

        Defendant.

_____/

**ORDER (1) GRANTING DEFENDANT'S MOTION TO AMEND THE CAPTION,
(2) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT
PREPAYMENT OF THE FEES AND COSTS FOR THIS ACTION,
and (3) DIRECTING DEFENDANT TO FILE AN ANSWER TO THE COMPLAINT**

### I. Introduction

Pending before the Court are plaintiff Rodney Lionel Brady's application to proceed without prepayment of the fees and costs for this action and his *pro se* civil rights complaint naming correctional officer "C. Elverado" as the defendant. On September 11, 2009, the Court ordered Defendant to address the preliminary question of whether Plaintiff should be permitted to proceed without prepayment of the fees and costs for this action, given his litigation history. Counsel for Defendant recently filed an answer to the Court's order and a motion to amend the case caption.

### II. Discussion

Pursuant to 28 U.S.C. § 1915(a)(1), a federal court may permit a plaintiff to commence an action without prepayment of fees. A prisoner, however, may not bring a civil action without prepayment of the filing fee "if the prisoner has, on 3 or more prior

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g). An exception exists if "the prisoner is under imminent danger of serious physical injury." *Id.*

Three or more of Plaintiff's prior complaints have been dismissed as frivolous or for failure to state a claim. *See Brady v. Nolan*, No. 1:09-186 (W.D. Mich. Mar. 17, 2009) (prohibiting Plaintiff from proceeding *in forma pauperis* due to his three civil actions that were dismissed for failure to state a claim ). The question therefore is whether Plaintiff is in "imminent danger of serious physical injury." This exception to the "three strikes" rule is available only for genuine emergencies and where a threat is real and proximate. *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)). A conclusory or "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (citing *Abdul-Akbar*, 239 F.3d 307, 315 n.1 (3.d Cir. 2001) (*en banc*)).

The pending complaint alleges that Defendant has been threatening and harassing Plaintiff and telling Plaintiff that he (the defendant) "has friends everywhere." Compl. at 3. The complaint further alleges that Defendant has called Plaintiff a snitch in the presence of other inmates, who are now threatening to harm Plaintiff for being a snitch. Plaintiff maintains that he is sickly and suffers from high blood pressure and

chronic headaches, which have been exacerbated by Defendant's threats and harassment. He claims to be in fear of his life due to Defendant's conduct and comments.

These allegations arguably demonstrate a pattern of misconduct evidencing the likelihood of imminent serious physical injury. The Court therefore finds the complaint's allegations sufficient to invoke the exception to § 1915(g). Accordingly, Plaintiff's application to proceed without prepayment of the fees and costs for this action [Dkt. #2] is **GRANTED**.

The Court must assess and, if funds exist, collect an initial partial filing fee consisting of twenty percent (20%) of the greater of (1) the average monthly deposits to Plaintiff's account, or (2) the average monthly balance in Plaintiff's account for the preceding six (6) months. 28 U.S.C. § 1915(b)(1). After Plaintiff pays an initial partial filing fee, he must make monthly payments of twenty percent (20%) of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The Michigan Department of Corrections is **ORDERED** to calculate and withdraw an initial partial filing fee from Plaintiff's account and forward this amount to the Clerk of the Court. In subsequent months, the Department of Corrections shall forward to the Clerk of the Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account. If insufficient funds exist in Plaintiff's account to collect these amounts, they shall be remitted as they become available. The Court will notify the Department of Corrections when Plaintiff has paid the entire filing fee of $350.00.

Defendant's motion to amend the case caption [Dkt. #8] is **GRANTED**. The

Clerk of Court is ordered to correct the docket to reflect Defendant's correct name, which is Cary Alvarado. Defendant shall file an answer to the complaint within twenty-one days of the date of this order.

Plaintiff shall serve a copy of his future filings in this case on defense counsel and attach to all original documents filed with the Clerk of the Court a certificate stating the date that he mailed a copy of the original document to defense counsel. The Court will disregard any paper received by a district judge or a magistrate judge if the paper has not been filed with the Clerk or if it fails to include a certificate of service.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: November 17, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on   November 17, 2009  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:         Dawn C. M. Jack                                                   , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
   Rodney Brady, #262255, Charles Egeler Reception and Guidance Center Annex, 3855 Cooper Street, Jackson, MI 49201            .

        s/Ruth A. Brissaud
        Ruth A. Brissaud, Case Manager
        (313) 234-5137