UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY BRADY,

                Plaintiff,                        No. 09-CV-13365-DT

vs.                                            Hon. Gerald E. Rosen

CARY ALVARADO,

                Defendant.
_____/

ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING
CASE, WITHOUT PREJUDICE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on_____ May 19, 2010 _____

PRESENT:   Honorable Gerald E. Rosen
                     United States District Chief Judge

This § 1983 prisoner civil rights matter is presently before the Court on the April

26, 2010 Report and Recommendation of United States Magistrate Judge Paul J.

Komives, recommending that the Court grant Defendant's Motion for Summary

Judgment and dismiss this case, without prejudice, due to Plaintiff's failure to exhaust his

administrative remedies before filing his Complaint. The Magistrate Judge also

recommends that the Court deny Plaintiff's Motion for Appointment of Counsel. No

timely objections have been filed.

Having reviewed and considered the Magistrate Judge's Report and

Recommendation and the entire record of this matter, the Court concludes, for the

reasons stated in the R&R, that Defendant's motion for summary judgment should be granted and Plaintiff's motion for appointment of counsel should be denied.

The Court has also reviewed and considered Plaintiff's April 6, 2010 "Motion to Place Penalties on the Defendant for Willful Violation of Law" and Defendant's response thereto. In this motion, Plaintiff asks the Court to find that Defendant Alvarado violated M.C.L. § 19.142, which prohibits an individual from annoying, harassing, assaulting or disturbing an inmate under the jurisdiction of the Michigan Department of Corrections. A person found to have violated this statute "is guilty of a misdemeanor punishable by imprisonment for not less than 10 days or more than 60 days or a fine of not more than $50.00, or both." This is a criminal penal statute. As a private citizen, Plaintiff Brady lacks standing and legal authority to initiate criminal charges. *Booth v. Henson*, 290 Fed. Appx. 918, 920-921 (6th Cir. 2008); *see also United States v. Oguaju*, 76 Fed. Appx. 579, 581 (6th Cir. 2003) (holding that no private right of action exists under criminal statute and, therefore, district court's dismissal of plaintiff's complaint was proper). Therefore, Plaintiff's motion to place penalties on Defendant will be denied.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation **[Dkt. # 21]** is adopted by the Court.

IT IS FURTHER ORDERED that, for the reasons stated in the R&R, Defendant's Motion for Summary Judgment **[Dkt. # 12]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel

**[Dkt. # 13]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Place Penalties on

Defendant **[Dkt. # 18]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED,

WITHOUT PREJUDICE.

Let Judgment be entered accordingly.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  May 19, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record
on May 19, 2010, by electronic mail and upon Rodney Brady, #262255, Handlon
Correctional Facility, 1728 Bluewater Highway, Ionia, Michigan by ordinary mail.

s/Ruth A. Gunther
Case Manager